UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN TOBEY, et al., | No. 2:20-cv-00477-JAM-KJN PS |
| Plaintiffs, | ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND |
| v. | (ECF Nos. 2, 3 ) |
| RICK SCHMITT et al., | |
| Defendants. | |

Plaintiffs, who proceed without counsel in this action, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 2, 3.) Plaintiffs' application in support of their request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiffs' request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A federal court has an independent duty to assess whether federal subject matter

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.
2    Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty
3    to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties
4    raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).
5    The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject
6    matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original
7    jurisdiction over a civil action when: (1) a federal question is presented in an action "arising
8    under the Constitution, laws, or treaties of the United States;" or (2) there is complete diversity of
9    citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

10   A frivolous federal claim cannot confer subject matter jurisdiction on the district court.
11   Baker v. Carr, 369 U.S. 186, 199 (1962).  A complaint is frivolous if it lacks an arguable basis
12   either in law or in fact.  Cf. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989) (construing 28
13   U.S.C. § 1951(d)); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir.1984) (same).  The term
14   "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but
15   also the fanciful factual allegation."  Cf. Neitzke, 109 S.Ct. at 1831 (footnote omitted).

16   In this case, plaintiffs assert that the court has federal question jurisdiction over their
17   complaint.  However, plaintiffs point to no federal law, treaty, or provision of the Constitution
18   that would grant this court jurisdiction.  While plaintiffs do state that defendants committed "false
19   advertistemnt of services, defamation of character, [and] discrimination of disabled persons,"
20   which presumably could entitle plaintiffs to relief under a federal statute, plaintiffs provide no
21   additional statement of their claim.  (See ECF No. 1.)  Thus, plaintiffs' recital of causes of
22   action—which are mostly state claims—without any factual underpinning amounts to a complaint
23   that does not confer federal question jurisdiction to this court.

24   Therefore, plaintiffs' complaint does not state a cognizable federal claim sufficient to
25   invoke the court's federal question jurisdiction.  Furthermore, there is no diversity of citizenship
26   jurisdiction, because plaintiffs and defendants are all citizens of California.  Consequently, the
27   court lacks federal subject matter jurisdiction over this action.

28   Accordingly, the court dismisses plaintiffs' complaint, but with leave to amend.  If

plaintiffs elect to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the jurisdictional deficiencies identified above. Plaintiffs are informed that the court cannot refer to a prior complaint or other filing in order to make plaintiffs' first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiffs to file a first amended complaint. If plaintiffs conclude that they are unable to cure such federal jurisdictional deficiencies, they may instead elect to file an action in state court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motions to proceed in forma pauperis (ECF No. 2, 3) are granted.
2. Plaintiffs' complaint is dismissed, but with leave to amend.
3. Within 28 days of the date of this order, plaintiffs shall file a first amended complaint in accordance with this order. Alternatively, if plaintiffs no longer wish to pursue this action in federal court, plaintiffs shall file a notice of voluntary dismissal of the action without prejudice within 28 days of the date of this order.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal without prejudice by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: May 7, 2020

,tobey.477

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3